**Susie AKERS (a. k. a. Susie Stamper), Appellant,**

**v.**

**Berly STAMPER, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Rehearing Denied Feb. 17, 1967.

James S. Carroll and Julian W. Knippenberg, Lexington, for appellant.

Strother Kiser, Bert T. Combs and Julius Rather, Lexington, for appellee.

CULLEN, Commissioner.

Appellant Susie Akers (Stamper) and appellee Berly Stamper went through a marriage ceremony in 1942, and thereafter lived as man and wife until 1962, when they fell out and became involved in divorce litigation in which it was adjudged that they never had been married validly because Berly had not obtained a divorce from his first wife. During the twenty years of togetherness a substantial amount of property was accumulated, all of which was put in Susie's name. The main property was a motel near Lexington, which after its purchase in 1945 was operated by Susie and Berly and which prospered, producing substantial profits which were used to improve and expand the motel and to acquire other property. The instant lawsuit was brought by Berly against Susie, asking that he be declared a half-owner of some of the property and full owner of the rest of it. In substance the judgment awarded him a half interest in all of the property. Susie appeals, claiming that Berly should not have been adjudged to have any ownership interest.

On the merits of the case, Susie's main contention is that it was her money that was used to buy the motel in 1945; that she shared profits with Berly as she chose; and he had no interest in the motel itself or in any property bought from what she claimed were pre-sharing profits over which she had complete right. Contradicting this contention there was evidence that when Susie and Berly first met and became intimate, Berly was the only one who had any money; that they went into a partnership or joint venture arrangement before they were married; that this joint operation produced the profits from which the motel was purchased; that the motel was on an equal-ownership, equal-sharing basis from the outset; and that title to the various properties was put in Susie's name with the clear understanding that Berly was a half-owner. In our opinion the trial court was entitled to believe the latter

evidence, and this belief warranted the judgment that was entered. One persuasive fact is that until Susie met up with Berly she was practically penniless; prosperity came only when she and Berly joined forces. This fact tends strongly to support Berly's assertion that the profits were from joint efforts from the beginning, as against Susie's claim that somehow she alone amassed enough money to buy the motel.

Susie argues that Berly should be chargeable with fraud such as would bar any recovery by him, in that (she alleges) he knew all along, or at least for several years, that their marriage was not valid. She says that if she had known the marriage was invalid she would not have permitted Berly to share in the profits of "her" motel. This argument collapses once it is held that the motel never was "her" motel in the first place. Furthermore, the facts attending the early relationships of the couple indicate that strict legality of the marriage was not a matter of great concern to either of them.

Another argument is that Berly should be estopped, or barred under the doctrine of judicial admission, from claiming half of the property, because in his initial pleadings in this action, and in his pleadings in the divorce action, he claimed to be the sole owner. If this novel proposition were to be adopted, a plaintiff in a negligence suit who alleged that he was damaged in the amount of $100,000 would be estopped from claiming or recovering any lesser amount. We think the proposition is without merit.

Initially, the parties to this lawsuit agreed that the issue of whether Susie and Berly were engaged in a joint enterprise, joint venture or partnership should be tried by a jury. The trial was commenced before a jury but after a full morning of hearing testimony the judge became convinced that the issues as they were developing would involve such a complica-

tion of accounts and great detail of facts as to make it impracticable for a jury intelligently to try the case. Accordingly the judge discharged the jury and referred the case to the master commissioner. Our examination of the record convinces us that this was proper under CR 39.01. See McGuire v. Hammond, Ky., 405 S.W.2d 191.

The appellant's reply brief, by way of summarizing appellant's case, closes with the statement, " * * * the appellant's testimony and the testimony introduced by her is reasonable and believable, but not so that of the appellee." The simple answer is that the appellee's testimony *is* reasonable and believable.

The judgment is affirmed.