Otis Howard GLIDEWELL, Appellant,

v.

Elizabeth Ann GLIDEWELL, Appellee.

No. 88-CA-2384-MR.

Court of Appeals of Kentucky.

May 25, 1990.

Thomas E. Carroll, Monticello, for appellant.

James M. Frazer, Monticello, for appellee.

Before DYCHE, HOWARD and WEST, JJ.

HOWARD, Judge.

The appellant appeals from a judgment of the Clinton Circuit Court in which property acquired during the appellant's cohabitation with the appellee was divided equally between the parties.

The appellant, Otis Howard Glidewell, and the appellee, Elizabeth Ann Glidewell, resided together between 1968 and 1983. Otis denies that they represented themselves as man and wife. Elizabeth claimed that she began using the name Glidewell in 1976 and was issued a driver's license and social security number in the name of Elizabeth Ann Lawson Glidewell. The parties also filed joint state and federal income tax returns for several years.

A child was born to Elizabeth in September of 1967. She testified that Otis was the natural father. Although Otis testified that he did not know if the child was his, he signed an affidavit in 1976 acknowledging paternity. The child resided with the parties during their cohabitation.

During the parties' cohabitation, Elizabeth worked for brief periods of time but she chiefly spent her time maintaining the parties' household. Otis's employment produced most of the parties' income. However, Elizabeth purchased most of the clothes for the parties' child and paid most of the phone bills. Elizabeth also took care of the livestock. Several tracts of land were acquired during the parties' cohabitation. Until 1981, the parties resided in Indiana. The deeds for three tracts purchased during the parties' cohabitation were only in Otis's name. A three-acre tract in Randolph County was purchased by Otis and Elizabeth on January 10, 1977. The names of Otis and Elizabeth were listed as grantees on the deed of conveyance and it stated they were "husband and wife."

The parties paid $3,000 for the jointly held property in Indiana and later sold it for $12,000. This $12,000 was applied to the downpayment for the purchase of a 100-acre tract in Clinton County, Ken-

tucky, in 1980. Elizabeth also claimed that $10,000 from an insurance settlement received by both parties for a motorcycle accident was also applied to the downpayment. Otis sold some farm machinery for $4,000 and this sum was added to the downpayment. The remainder was mortgaged to a bank in Indiana. Otis's father later paid off the mortgage and, thus, the debt was owed to him. The parties moved to Clinton County in November of 1981.

On April 11, 1985, Elizabeth filed a complaint against Otis in which she sought one-half of all the property acquired during their years of cohabitation. Elizabeth stated that her claim was based on equity and/or contract. Elizabeth also sought child support payments.

The trial court issued findings of fact and conclusions of law on November 6, 1987. The trial court noted that the parties did not have a common law marriage because such marriages are not recognized either in Kentucky (KRS 402.020(3)) or Indiana. However, the trial court determined that property accumulated by two persons due to their joint efforts should be equitably divided as when a business partnership is dissolving.

The trial court found that during their 15 years of cohabitation, the parties held themselves out to the public as husband and wife, filed joint tax returns, had a child together, instituted a personal injury suit together and jointly received the proceeds and owned property as husband and wife. These reasons were given by the trial court to further justify its conclusion that the property be equitably divided.

In making the division, the trial court stated it would not limit its consideration to the earnings of the parties or their cash contributions towards purchase of the property. The trial court noted that while Otis was the primary breadwinner, Elizabeth contributed money from various jobs she held, cared for the livestock, provided clothing for the child, purchased household furnishings, paid various bills, and performed general household duties.

The trial court directed that the property in Indiana, valued at $40,000, be sold, and after payment of any outstanding mortgages, the proceeds be divided equally. One acre of the Indiana property was sold for $28,000 on July 6, 1982. The purchaser was to make payments of $300 per month, but the trial court found that he was currently in default. The trial court found that Otis has collected or is overdue to collect the principal of $28,000, plus interest, and ordered that he pay Elizabeth one-half of that amount. If the contract was breached by the purchaser, the trial court directed that the property be sold and the proceeds divided equally.

The Clinton County property was found by the trial court to have a fair market value of $42,000 minus the value of a house built there after the parties' separation. A $26,000 mortgage was owed to Otis's father. Consequently, reasoned the trial court, the parties had equity of $16,000 in the Clinton County farm. The trial court ordered Otis to pay Elizabeth $8,000 for her equitable share.

Otis filed a notice of appeal, but his appeal was dismissed by this Court on June 6, 1988, for failure to appeal from a final and appealable order. The trial court issued a supplemental judgment on October 20, 1988, from which this appeal is brought.

Otis contends that the trial court's judgment was contrary to this state's express public policy against common law marriage.

In *Akers v. Stamper*, Ky., 410 S.W.2d 710 (1967), a man and a woman who believed they were man and wife for 20 years, filed for divorce and discovered that they had never been legally married. The question before the court was what to do with the property, including a motel, accumulated during their time together. The court held that each was an owner of one-half interest in the property because there was an agreement of partnership or joint venture entered into before the invalid marriage.

In *Murphy v. Bowen*, Ky.App., 756 S.W.2d 149 (1988), the parties had lived together for 11 years. The female cohabitant brought an action seeking an award of

an amount to compensate her for her contributions and equity in property accumulated by the parties during this cohabitation. She alleged that the parties had a contractual agreement of joint venture and partnership.

This Court could find no evidence of any express agreement of joint venture or partnership as had existed in *Akers, supra.* Further, this Court could find no evidence of any agreement of joint venture or partnership implied in law. We rejected the argument that the performance of domestic and household work produced any rights analogous to those of a spouse. We stated that to imply such rights "would be reinstituting by judicial fiat common law marriage which by expressed public policy is not recognized. *See* KRS 402.020(3)." *Id.* at 150.

■ Thus, under *Murphy, supra,* the trial court clearly erred in considering Elizabeth's contributions in maintaining the household in dividing the property accumulated during the cohabitation. The only claim to any interest that Elizabeth can successfully make is in regards to the Clinton County property.

The parties were at least tenants in common of the three-acre tract in Randolph County, Indiana. The property was sold for $12,000, which was then applied to the downpayment for the Clinton County property. The $10,000 insurance settlement, and $4,000 of Otis's own money, were used for part of the downpayment.

■ The trial court found that the parties had $16,000 in equity in the Clinton County property. The trial court divided this money equally. We believe this was error.

■ Partners are entitled to recover their contributions on dissolution of the partnership after payment of the partnership debts. KRS 362.235. "This means that partners are not entitled to a return of

invested capital, but only to the value of their respective shares in the partnership business after a full accounting or settlement of partnership affairs." 59A Am. Jur.2d, *Partnership* § 979.

If Otis and Elizabeth are considered to be partners in the three-acre Indiana property, and the proceeds, together with the insurance settlement are considered to be capital contributions to partnership property in Clinton County, Elizabeth and Otis would be entitled to their respective shares of any capital left after payment of partnership debts. The percentage contribution can be calculated in this way:

| Elizabeth's contribution | = $11,000 | (½ × $22,000) |
| Otis's contribution | = $15,000 | |
| Total contribution | = $26,000 | |
| Elizabeth's contribution | = $11,000 | |

| Total contribution: | $26,000 | =.4231 |
| Otis's contribution | = $15,000 | |

| Total contribution: | $26,000 | =.5769 |
| Elizabeth's share: | | |
| .4231 × $16,000 | = $ 6,769.60 | |
| Otis's share: | | |
| .5769 × $16,000 | = $ 9,230.40 | |

We believe that a joint venture or partnership concerning the Clinton County property is implied from the evidence. The trial court ordered Otis to pay Elizabeth for her interest in the property. We have no quarrel with this arrangement, but the amount he must pay is $6,769.60, not $8,000. The deeds to the remaining property are in the name of Otis only and there is no evidence of partnership or joint venture in these other properties.

The judgment is reversed and remanded.

All concur.